DANIEL P. CLARK ET AL., EXECUTORS, v. THEODORE WILLET.

1.  The amendment to the Practice act, approved March 4th, 1890 (*Pamph. L.*, *p.* 24), applies to judgments previously recovered.
2.  Where an action accrues to an executor upon a contract made with him as such, it should be brought in his proper name, describing himself to be such executor.

---

On demurrer to declaration.

Argued at June Term, 1896, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, MAGIE and GARRISON.

For the plaintiffs, *Vail & Vail.*

For the demurrant, *Woodbridge Strong & Sons.*

The opinion of the court was delivered by

GARRISON, J. This is a demurrer to a declaration. The facts thereby established are that the plaintiffs are the assignees

of a judgment recovered by their assignor against the defendant in the year 1875; that the said assignment was by deed and for a valuable consideration, and that at the time of said assignment the plaintiffs were the executors of one Martha Clark, deceased.

Two grounds for demurrer are set up. The first is that the said judgment was recovered prior to March 4th, 1890, that being the date of the approval of the act that authorizes the assignees of judgments to sue in their own names. The argument is that the act is in all respects prospective, and hence does not apply to judgments recovered prior to its approval. This does not seem to me to be sound. The title of the act, viz., "to regulate the practice of the courts of law," indicates that the subject-matter of its remedial features is one of procedure. To carry the language of the act to the aid of those assignees only whose rights accrued since the approval of the act, would in nowise sustain the present contention. The grammatical form adopted, viz., "all judgments recovered in any of the courts of this state," certainly does not militate against its application to a judgment described in the past tense, as " recovered."

In the face both of this plain interpretation of unambiguous language and of the clear spirit and reason of the legislative design, the contention of the demurrant cannot prevail. The second ground is that the claim is not one that can be maintained by executors. The force of this objection is gone if upon this demurrer we must assume that the plaintiffs sue upon a contract made with them as executors. This is the allegation of the *narr.*, and there is no allegation that the assignment was made upon any contract, express or implied, made with their testatrix; the furthest the plaintiffs' pleading can be carried is that the action accrued to them as executors— *i. e.*, since the death of their testate. This brings the case within the previous adjudication of this court in *Stewart* v. *Richey*, 2 *Harr.* 164, which disposes effectually of all contention in this respect.

The demurrer must be overruled.